The State v. Ivey.

## THE STATE v. IVEY.

1. Where a point or question arising in any criminal case is referred to the Supreme Court as novel and difficult, it should be brought before that court at the first term after the trial below : and if the record is not then brought up, the judgment or sentence should be executed. Perhaps after the lapse of a term it may be allowable to revise on writ of error the point referred, if regularly presented upon the record.

On points reserved, from the Circuit court of Dale.

THE defendant was indicted at the spring term of the circuit court holden in the year 1845. for unlawfully and verbally giving a challenge to one J. Hosea Calloway, to fight in single combat with a deadly weapon, &c. The indictment was traversed, and the issue submitted to a jury, who returned a verdict of guilty, whereupon the defendant was sentenced to imprisonment in the penitentiary for the term of two years. Upon the trial certain legal questions were referred to this court as novel and difficult.

THE ATTORNEY-GENERAL for the State, insisted, that this case was not brought up within the time prescribed by law, and should therefore be dismissed ; but if the court thought otherwise, then he contended that the points referred, had been correctly ruled at the trial.

B. F. PORTER, for the defendant, contended, that although the record was not filed at the first term of the trial, this court might entertain the cause. Upon the points referred to he insisted, 1. That the charge to the jury was uncalled for by the evidence, and calculated to mislead them. 2. The nature of the challenge is not sufficiently shown by the indictment. [Hale's Pl. of Cr. 169, 170 ; 2 McC. Rep. 377 ; 3 Id. 533.] 3. The indictment does not distinctly allege who were the parties to the intended combat. [7 Ala. Rep. 69.]

COLLIER, C. J.—The first section of the tenth chapter of the penal code, [Clay's Dig. 469, § 1,] enacts that whenever in any criminal case, &c., any point or question shall arise, which in the opinion of the presiding judge is novel and difficult, it shall be his duty, on request, to reserve the same distinctly upon the record for the revision of the Supreme court at its next succeeding term, and the presiding judge shall proceed to render judgment on the conviction ; but the execution of the judgment shall be suspended in cases not capital, or not punished by confinement in the penitentiary, until the next succeeding term of the Circuit court rendering the judgment ; and the defendant shall be recognized, &c. ; and in capital cases, or in cases punished by confinement in the penitentiary, the execution of the judgment shall be suspended to a time not less than twenty-five and not more than forty days after the commencement of the next succeeding term of the supreme court.

We think this enactment requires, that the points reserved for revision should be brought before this court at the first term after the trial below, and if the record is not then brought up, the judgment or sentence should be executed in obedi-

ence to its directions. This court should not revise and adjudicate the points reserved at any subsequent term, but the convict, if he complains of an error to his prejudice, might perhaps apply for a writ of error, and the appropriate correction be made, and justice administered according to law. In the case at bar the record was not filed until the 17th July, 1846, more than twelve months after it was returnable, and at least that length of time after the sentence should have begun to be executed. We cannot entertain the cause as presented, and it is therefore dismissed.